# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **David Cotten, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.,**<br><br>Defendant. | : Case No. 16-12176<br>:<br>:<br>:<br>:<br>: **CLASS ACTION COMPLAINT**<br>:<br>: **AND**<br>:<br>: **JURY DEMAND**<br>:<br>:<br>:<br>:<br>:<br>: |

NOW COMES David Cotten, on his own behalf and on behalf of all others similarly situated, asserts to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the following:

## A.   INTRODUCTION

**1.**     This lawsuit presents a narrow issue that is of critical importance – may a health insurer deny coverage for mental health treatment in circumstances where there is no corresponding limitation for treatment for physical injury and <u>not</u> violate the federal Mental Health Parity and Addiction Equity Act of 2008 (the "Parity Act")? It is the burden of this case that defendant's denial of coverage breaches the protections of the Parity Act,

1

which are – as a matter of law – embedded as a material term of the contract of insurance that governs the rights and responsibilities of the parties.

2.      David Cotten received his health insurance through his then-employer, Turbonomic, a private, Boston-based enterprise cloud and virtualization software company. This fully-insured plan was provided by Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.  The plan is regulated by ERISA.  Cotten's 16-year-old daughter, A.C., was a covered beneficiary under this plan, as well.

3.      A copy of the plan's subscriber certificate is attached to this Complaint as **Exhibit A**. This is a standardized form document created by Blue Cross and Blue Shield HMO Blue and is materially identical to all of its other certificates – those between Blue Cross and Blue Shield HMO Blue and its subscribers.

#### JURISDICTION AND VENUE

4.      This Court has jurisdiction in this ERISA matter via 28 U.S.C. § 1331.

5.      Venue is appropriate in this district because the plan is administered here, the defendant may be found here, and at least some of the breaches at issue took place here. 29 U.S.C. § 1132(e)(2).

6.      In conformity with 29 U.S.C. § 1132(h), plaintiff has served this Complaint by certified mail on the Secretary of Labor and the Secretary of the Treasury.

#### PARTIES

7.      At all relevant times, David Cotten was a full-time employee for Turbonomic. At all relevant times, he worked in sales and currently lives and work in Austin, Texas. His employer-sponsored health insurance at issue in this litigation was provided by Blue Cross

and Blue Shield of Massachusetts HMO Blue, Inc. Cotten's minor daughter, A.C., was also

covered under his plan. Under ERISA, Cotten is a "plan participant." 29 U.S.C. § 1002(7).

8.      Defendant is a not-for-profit managed care subsidiary of Blue Cross and Blue

Shield of Massachusetts, Inc. It is a Massachusetts-licensed health maintenance

organization (known as an HMO) to arrange for the coordinated delivery of health care

services to its subscribers. Blue Cross and Blue Shield HMO Blue has full discretionary

authority to administer this plan and accordingly owes fiduciary obligations to its

subscribers. In this Complaint, "Blue Cross" refers to the named defendant and all related,

successor, predecessor, parent and subsidiary entities to which these allegations pertain.

FACTS

**A.     Coverage**

9.      Under the terms of its certificate, Blue Cross is required to pay – at least in

part – for all "covered services" that are "medically necessary." (**Exhibit A, p. 10-11**). The

certificate defines "Covered Services" in a circular manner: Covered Services, it provides,

are those services that either the certificate or the schedule of benefits defines as covered.

(*Id.* **at 10**.)  "Medically necessary" is, in turn, defined as those "services that a health care

provider, using prudent clinical judgment, would provide to a patient in order to prevent or

to evaluate or to diagnose or to treat an illness, injury, disease, or its symptoms." (*Id.* at 16).

And, these health care services must also be: furnished in accordance with generally

accepted standards of professional medical practice (as recognized by the relevant medical

community); clinically appropriate, in terms of type, frequency, extent, site, and duration;

and they must be considered effective for the illness, injury, or disease; consistent with the

diagnosis and treatment of your condition and in accordance with Blue Cross Blue Shield

HMO Blue medical policies and medical technology assessment criteria; essential to improve net health outcome and as beneficial as any established alternatives that are covered by Blue Cross Blue Shield HMO Blue; consistent with the level of skilled services that are furnished and furnished in the least intensive type of medical care setting that is required by the medical condition; and not more costly than an alternative service or sequence of services at least as likely to produce the same therapeutic or diagnostic results to diagnose or treat the illness, injury, or disease. (*Id.* at **16**).

10.     Mental Health and substance abuse treatment is a covered service. (*Id.* at **44**). This includes biologically-based mental conditions, non-biologically based mental, behavior or emotional disorders. In-patient, intermediate treatments and outpatient services are all covered. (*Id.* at **44-46**). All "wilderness" types of coverage, even those that include licensed mental health providers, psychotherapy and clinical programs, are expressly excluded by the certificate. (*Id.* at **45**).

11.     A.C., who is covered under her father's plan and is thus entitled to receive health insurance coverage based on the same plan language as her father's, has struggled for years with mental health issues such as depression, low self-esteem, suicidal ideation, and drug use. On May 24, 2016, her therapist concluded that A.C. was no longer treatable in an out-patient setting, and recommended an intensive, in-patient treatment. Her parents chose, and she was transmitted, to Evoke Therapy, a mental health service provider based in Santa Clara, Utah.

12.     Plaintiff Cotten sought coverage under this Blue Cross insurance plan, which was denied on May 27, 2016. The denial letter indicated only that the plan didn't cover

services from this provider without regard to whether the services were medically

necessary.

      **13.**    Cotten appealed Blue Cross's denial on June 6, 2016. Two days later, Blue

Cross affirmed its benefit denial. Again, the coverage denial was based exclusively on the

plan's exclusion for all wilderness-related treatment without regard to the services'

medical necessity. The denial affirmation expressly states that, with its determination,

Cotten had exhausted Blue Cross's internal administrative appeal process.

      **14.**    Blue Cross's wilderness therapy exclusion violates the federal Parity Act. The

Parity Act was "designed to end discrimination in the provision of coverage for mental

health and substance use disorders as compared to medical and surgical conditions in

employer-sponsored group health plans and health insurance coverage offered in

connection with group health plans." *American Psychiatric Ass'n v. Anthem Health Plans,* 50

F. Supp.3d 157, 160 (D. Conn. 2014).  In relevant part, the Parity Act states:

> In the case of a group health plan (or health insurance coverage offered in
> connection with such a plan) that provides both medical and surgical benefits and
> mental health or substance use disorder benefits, such plan or coverage shall ensure
> that—
>
>> (ii) the treatment limitations applicable to such mental health or substance
>> use disorder benefits are no more restrictive than the predominant
>> treatment limitations applied to substantially all medical and surgical
>> benefits covered by the plan (or coverage) and there are no separate
>> treatment limitations that are applicable only with respect to mental health
>> or substance use disorder benefits.

29 U.S.C. § 1185a(a)(3)(A)(ii).

      **15.**    The issue as to whether an insurer may lawfully deny all wilderness

treatment was considered in *Joseph & Gail F. v. Sinclair Servs. Co.,* 2016 U.S. Dist. LEXIS 8644

(D. Utah Jan. 22, 2016). There the court found that such a blanket exclusion violated the

Act:

> To be sure, the Parity Act does not require plans to provide mental health or substance use disorder benefits at all. But once a plan does provide such benefits, the plan must do so on a level that is on par with the benefits it provides for medical and surgical benefits. And once provided, the Parity Act prohibits imposing treatment limitations applicable only to mental health benefits.
> Further, although the Administrator argues that the exclusion applies across the board, there is no evidence to suggest that coverage for residential treatment would have been available for medical or surgical conditions but for the exclusion. Without evidence to that effect, the Administrator's argument that it would have also denied residential treatment benefits for medical or surgical conditions under the exclusion is illusory.
> The court concludes that the Plus Plan's residential treatment exclusion violates the Parity Act because the exclusion is a "separate treatment limitation[] that [is] applicable only with respect to mental health . . . benefits."

*Id.* at *51.

**16.** Blue Cross's plan violates the Parity Act in exactly the same manner. Its

blanket exclusion for services rendered at wilderness treatment centers is a separate

treatment limitation applicable only to mental health benefits and thus violative of the

Parity Act.

## CLASS ALLEGATIONS

**17.** Plaintiff brings this lawsuit on their own behalf and on behalf of the following

class: *All persons who are covered under any contract or plan of health insurance that is*

*administered, underwritten or insured by Blue Cross and Blue Shield of Massachusetts HMO*

*Blue that insures behavioral or mental health care and whose claim for coverage for*

*wilderness therapy was denied because the contract or plan excluded such coverage.*

**18.** The proposed class is so numerous that individual joinder of all class

members is impracticable except by means of a class action.  The disposition of the claims

in a class action will benefit both the parties and the Court.  The exact number of class

members can be readily determined through discovery of defendant's business records.

**19.** Plaintiff's claims are typical of all other class members.  All class members'

claims are unified, as all were improperly denied coverage in a manner that violated the

protection of the federal Parity Act.

**20.** Plaintiff's interests are coincident with, and not antagonistic to, those of the

other members of the class.

**21.** Plaintiff will adequately represent the class because he has interests in

common with the proposed class members and plaintiff has retained attorneys who are

experienced in class action litigation.

**22.** There is a well-defined community of interest in the questions of law and fact

involving and affecting the class to be represented by plaintiff. Common questions of law

and/or fact predominate over any questions affecting only individual members of the class.

Common questions include, but are not limited to, the following:

    a.  Whether defendant's blanket denial of coverage for wilderness therapy violate the Parity Act?
    b.  If the defendant's acts violate the Parity Act, what is the appropriate remedy?
    c.  What is the appropriate measure of damages?

**23.** The prosecution of separate actions by individual members of the classes

would create a risk of:

    a.  Inconsistent or varying adjudications concerning individual members of the class that would establish incompatible standards of conduct for the defendant opposing the class; and

    b.  Adjudication with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of other members not parties to such adjudications, and/or substantially impair or impede the ability of other non-party class members to protect such individual interests.

**24.**      The class action method is appropriate for the fair and efficient prosecution of this action.

**25.**      Individual litigation of all claims that might be asserted by all class members would produce such a multiplicity of cases that the judicial system, having jurisdiction of the claims, would remain congested for years.  Class treatment, by contrast, provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the conduct of the defendants.

**26.**      The certification of the above class would allow litigation of claims that, in view of the expense of the litigation, may be an insufficient amount to support separate actions.

**LEGAL CLAIMS**

**Count 1 – Plan Enforcement under 29 U.S.C. § 1132(a)(1)(B)**

**27.**      Plaintiff restates paragraphs 1 – 26 as if fully set forth.

**28.**      Plaintiff's first legal claim is brought under 29 U.S.C. § 1132(a)(1)(B). The class period for this claim extends six years back from the commencement of this action.

**29.**       As a matter of law, Blue Cross's benefit plans incorporate 29 U.S.C. § 1185a(a)(3)(A)(ii).

**30.**      Plaintiff has standing to assert claims "to recover benefits due … under the plan" and to "clarify [his] rights to future benefits under the terms of the plan," as authorized by 29 U.S.C. § 1132(a)(1)(B).

**31.**      Blue Cross has breached the terms of its health plan through its violation of the Parity Act by its blanket refusal to cover treatment at wilderness therapy, causing injury to the plaintiff and the class.

8

### Count 2 – Breach of Fiduciary Duty Under 29 U.S.C. § 1132(a)(3)

**32.**     Plaintiff restates paragraphs 1 – 26 as if fully set forth.

**33.**     Plaintiff's second claim is for breach of fiduciary duty as those duties are incorporated within the ERISA statute. The class period for this class extends back six years from the commencement of this action.

**34.**     Under 29 U.S.C. § 1132(a)(3), a civil action may be brought by a participant or beneficiary "to enjoin any act or practice which violates any provision of [ERISA Title I]" or to "obtain other appropriate equitable relief … to redress such violations … [or] to enforce any provisions of" ERISA Title I.

**35.**     As part of the Parity Act, effective January 1, 2009, ERISA was amended to add a provision titled "Parity in Mental Health and Substance Use Disorder Benefits." This section, 29 U.S.C. § 1185a(a)(3)(A), requires that, in the case of a group health plan or health insurance offered in connection with such a plan, "the financial requirements applicable to such mental health … benefits are no more restrictive than the predominant financial requirements applied to substantially all medical and surgical benefits covered by the plan" and "the treatment limitations applicable to such mental health … benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan."

**36.**     Blue Cross's blanket denial of wilderness therapy violates this ERISA section, which causes injury to plaintiff and the class.

**WHEREFORE**, plaintiff requests the following:

a. Certification of the class described above with the appointment of the plaintiff as the class representative and the undersigned attorneys as class counsel;

b. An award of benefits representing those sums that plaintiff and class members paid for wilderness treatment that should have been covered by defendant;

c. Disgorgement of all profits defendant enjoyed through the use of money that should have been used to pay plaintiff's' and class's legitimate coverage claims;

d. An order requiring defendant to cover all medically necessary wilderness treatment in the future;

e. Any and all other relief related to this action, including payment of reasonable fees, costs, and interest where permitted by law.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues that may be so tried.

Dated:  October 27, 2016                    Respectfully submitted,

*/s/ Patrick J. Sheehan*
Patrick J. Sheehan (BBO #639320)
WHATLEY KALLAS, LLP
60 State Street, 7th Floor
Boston, MA 02109
Telephone: (617) 573-5118
Facsimile: (617) 371-2950
Email: *psheehan@whatleykallas.com*


Jordan Lewis
JORDAN LEWIS, P.A.
4473 N.E. 11th Avenue
Fort Lauderdale, FL 33334
Telephone: 954-616-8995
Facsimile: 954-206-0374
Email: *jordan@jml-lawfirm.com*


*Counsel for plaintiff*